UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marianne Dornan

    v.                             Civil No. 05-cv-307-JD

Litchfield School District, et al.


O R D E R


     Marianne Dornan was employed as head of the guidance
department at Campbell High School in Litchfield, New Hampshire.
After her contract was not renewed in the spring of 2005, she
brought suit against her former employer, the Litchfield School
District, School Administrative Unit #27, the superintendent of
schools, the interim principal of Campbell High School, and the
dean of students at the school.  She alleges breach of contract,
breach of the implied covenant of good faith and fair dealing,
defamation, intentional interference with contractual relations,
and violations of her right to procedural and substantive due
process.  The defendants move to dismiss all of her claims as
precluded by the requirements of the collective bargaining
agreement ("CBA") between the Litchfield Education Association
and the Litchfield School Board.

Standard of Review

In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Citibank v. Grupo Cupey, Inc., 382 29, 31 (1st Cir. 2004). The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

The defendants attached a copy of the contract between the education association and the school board, the CBA, to their motion. "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); accord Diva's Inc. v. City of Bangor, 411 F.3d 30, 38 (1st Cir. 2005). An exception exists for a document that the parties do not dispute is authentic and that the complaint depends upon. Id.

2

Discussion

The defendants' motion to dismiss asserts that Dornan's
claims are precluded by the terms of the CBA, which requires her
to exhaust the CBA remedies before bringing suit.  Dornan's
breach of contract claims, however, are not based on the CBA,
which is not mentioned in the complaint.  Instead, Dornan alleges
breach of contract based on the school district's contract with
her.  Dornan disputes the defendants' claim that she is subject
to the CBA, and she also asserts that the CBA grievance
procedures were not available to her.

Because the CBA is outside the complaint and the issues the
defendants raise implicate factual disputes that cannot be
addressed in the context of a motion to dismiss, the motion would
have to be converted to one for summary judgment.  At this early
stage of the litigation, a preferable course is to deny the
motion to dismiss without prejudice to filing a properly
supported motion for summary judgment.  The court also notes that
the plaintiff would be well advised to review the issues raised
in the motion and to satisfy herself that she has a viable cause
of action before proceeding in this case.

Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 11) is denied without prejudice to filing a properly supported motion for summary judgment.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 6, 2005

cc:  Nancy Ellen Boudreau, Esquire
     Debra Weiss Ford, Esquire
     Craig L. Staples, Esquire